**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald James Mitchell,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph Dedman, Jr., et al,<br><br>    Defendant. | No. CV-09-8127-PCT-JAT (LOA)<br><br>**ORDER** |

    This matter arises on the Court's review. Plaintiff commenced this action on July 28, 2009. (docket # 1) On August 13, 2009, the Court granted Plaintiff *in forma pauperis* status. (docket # 4) The Court also directed Plaintiff to notify the Court in writing of any change in his address and warned Plaintiff that failure to do so could result in dismissal of this action. (*Id.*) Local Rule of Civil Procedure 83.3(d) also requires Plaintiff to notify the Court in writing of any change in address "within seven (7) days after the effective date of the change." *Id*. On January 15 and 25, 2010, the Court received returned mail addressed to Plaintiff marked "Return to sender. Not deliverable as Addressed. Unable to forward." (dockets # 12, # 14) Plaintiff has not provided notice of any change in his address.

    In view of Plaintiff's failure to provide notice of his current address, the Court will consider whether to dismiss this case. Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc*., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, a plaintiff who has filed a *pro se* action must keep the Court apprized of his or her current address and comply with the Court's orders in a timely fashion. This Court

does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprized of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this action is dismissed without prejudice and the Clerk of Court shall enter judgment accordingly (the motion to dismiss (Doc. #11) is denied, without prejudice, as moot).

DATED this 1st day of February, 2010.

_____
James A. Teilborg
United States District Judge